Chief Justice Robertson,
delivered the opirftbh oif fhe court.
As this is an action of debt on a judgment rendered inpersonam,’in Illinois, in á proceeding in the nature of a foreign attachment against the plaintiff in error, on constructive service onlyj or service in rem, the action may not be sustainable’. It cannot be maintained, unless the plaintiff was, at the date of the judgment, a citizen of the State of lili nóis; for a foreign court can have no power to enforce a judgment inpersohdm, rendered against a ‘citizen of any other State, without actual notice of the pen-dency of the suit. Williams vs. Preston, 8, and Lytle vs. Breckenridge et al. II J. J. Marshall.
But neither thedeclarátiou nor record in this case, shews that the plaintiff was not a citizen of Illinois; He may have been a citizen even. thou gh a ilnonresi- ‘ dent.”
Whether this coiirt should presume^hat, by :tfie law Of Illinois, the courts of Illinois had authority to render against her own citizens;,'such judgments Which 'is the basis of this suit, or whether, ’on'thé contrary, we shohld presume that the judgment is Void by the law of Illinois, we need not now deter, mine. It is true, that if'the presumjffidn'should beih favor of the validity of the judgment-, the declaration is good, but that otherwise, it is defective for want o'f an averment of sotoe'fact tending'to shew, 'aliunde, that the courts of Illinois had jurisdiction to 'render and enforce against the nonresident citizen's of Illinois, judgments inpersonam, without pe’rsonal service. But whether the declaration be good or bad, is flow immeterial, because, on a former writ of erro'f, this case was remanded by this court for farther proceedings, withoutany suggestion of any defect’i'n the declaration, though its insufficiency was averred in the assignment of errors-; and consequently, we cannot now decide that the declaration is insufficient, as it was virtually sustained by the former opinion. See Birney vs. Hann, II Littell’s Reports, 262.
Mills Brawny for plaintiff; Monroe-, for defendant.
The record does nót contain any fact which could render tire judgment conclusive in Illinois. If it be 'effectual there for any purpose, there is nothing to shew that it should he more than prima facie evidence here, for we cannot presume, that it was conclusive there; consequently, the plaintiff had a right to pléaá nihil dehit, and might have gone into a full investigation of the original merits. But it does not appear that he attempted to shew, that he did not owe the debt, for which the judgment was rendered; nor does it appear what facts were proved on the trial, and therefore, this court cannot decide that the evidence Was insuflic'ie'fitto aüthorige the judgment.
The amount of the judgment is not excessive.
The authentication by the governor and secretary of Illinois, of a statute of that State, fixing the rate of interest, was, in our opinion, conformable to law.'
. Wherefore, perceiving no error in the judgment, it must be affirmed-.